IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONIQUE SMITH | ) |
| | ) |
| v. | ) No. 3:14-01248 |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are filings made by the Petitioner, *pro se*, requesting relief under 28 U.S.C. § 2255 (Docket Nos. 38, 49); a Notice Regarding Supplemental Brief On Applicability Of *Johnson v. United States* (Docket No. 45), filed by counsel for the Petitioner; and the Government's Response (Docket No. 46) in opposition.

For the reasons set forth herein, the Petitioner's request for relief is DENIED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was convicted, after a week-long trial, of certain firearms and drug trafficking crimes. (Docket Nos. 860, 863 in Case No. 3:11-00194). As part of its verdict, the jury found the drug conspiracy in which the Petitioner participated involved 280 grams or more of cocaine base, as well as a quantity of cocaine and marijuana. (Docket No. 863 in Case No. 3:11-00194). Based on that quantity of drugs, and the Petitioner's two prior felony drug offenses, the applicable sentence imposed by 21 U.S.C. §§ 841(b)(1)(A) and 851 was a mandatory minimum sentence of life imprisonment. (Docket Nos. 848, 1125, 1126, 1142, 1221, at 46-49 and 83, in Case No. 3:11-00194). In addition, the Petitioner's conviction of possessing a firearm in furtherance of a drug trafficking crime required a 60-month

mandatory consecutive sentence, under 18 U.S.C. §§ 924(c)(1)(A)(i) and (D)(ii). (Docket Nos. 1125, 1126, 1142, 1221, at 46-49 and 83-84, in Case No. 3:11-00194). Although the Petitioner qualified as a Career Offender under the Sentencing Guidelines, the statutory provisions cited above set the applicable sentence. (Id.)

At the subsequent sentencing hearing, the Court imposed the statutorily-required sentence of life plus 60 months of imprisonment. (Docket Nos. 1125, 1126, 1221 in Case No. 3:11-00194). The Petitioner appealed, and the Sixth Circuit affirmed the Petitioner's convictions. (Docket Nos. 1128, 1141, 1149, 1407, 1829 in Case No. 3:11-00194).

On May 29, 2014, the Petitioner filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence in this case. (Docket No. 1). After briefing, the Court denied the Petitioner's Motion and dismissed the case. (Docket Nos. 17, 18). The Petitioner appealed, but the Sixth Circuit denied his request for a certificate of appealability, and the Supreme Court denied the Petitioner's writ of certiorari. (Docket Nos. 35, 37).

### III. Analysis

Through the pending filings, the Petitioner relies on 28 U.S.C. § 2255 to support his request that the Court apply Johnson v. United States, 135 S.Ct. 2551 (2015), and other authority, to reduce his sentence. Although not addressed by the Government, the Court initially notes that the Petitioner has not obtained permission from the Sixth Circuit to file the pending request for relief. Under 28 U.S.C. §§ 2244(b)(3) and 2255(h), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997). Even if the Petitioner

obtained such permission, however, the Court finds his request for relief to be without merit.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). The Johnson Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. The Supreme Court has subsequently held that the Johnson decision applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

The Sixth Circuit has applied the Johnson decision to invalidate the identically-worded

portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[1] United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016).

None of this authority applies to reduce the Petitioner's sentence, however, because his sentence was not based on the Armed Career Criminal Act or any statute or guideline containing language similar to that invalidated in Johnson. Rather, the Petitioner's sentence was based on 21 U.S.C. §§ 841(b)(1)(A) and 851, and 18 U.S.C. §§ 924(c)(1)(A)(i) and (D)(ii), and was largely driven by the drug quantity attributed to him by the jury verdict, his prior felony drug convictions, and his conviction of possessing a firearm in furtherance of a drug trafficking crime. Accordingly, the Petitioner's Johnson claim is without merit.

---

[1] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

To the extent the Petitioner seeks to argue that his prior felony drug convictions no longer qualify for the Section 851 enhancement, based on Mathis v. United States, 136 S.Ct. 2243 (2016), the Court declines to address such a claim as the Petitioner has failed to cite any support for the retroactive application of Mathis on collateral review. See, e.g., Moore v. United States, 2016 WL 6561304, at *3 (S.D. Ohio Nov. 4, 2016).

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE